NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1442

UNITRONICS (1989) (R"G) LTD.
and UNITRONICS, INC.,

Plaintiffs-Appellees,

v.

SAMY GHARB,

Defendant-Appellant.


Dale Lischer, Smith, Gambrell & Russell, LLP, of Atlanta, Georgia, for plaintiffs-appellees. Of counsel was Brendan E. Squire.

Samy Gharb, of Zurich, Switzerland, pro se.


Appealed from: United States District Court for the District of Columbia

Judge Rosemary M. Collyer

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1442

UNITRONICS (1989) (R"G) LTD.
and UNITRONICS, INC.,

Plaintiffs-Appellees,

v.

SAMY GHARB,

Defendant-Appellant.


Appeal from the United States District Court for the District of Columbia in case no. 06-CV-27, Judge Rosemary M. Collyer.

_____

DECIDED:  December 3, 2008
_____

Before NEWMAN, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Samy Gharb ("Gharb") appeals from an order of the United States District Court for the District of Columbia permanently enjoining him from asserting or threatening to assert U.S. Patent No. 6,552,654 (the "'654 patent") against Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. (collectively, "Unitronics"), or Unitronics's customers. Unitronics (1989) (R"G) Ltd. v. Gharb, No. 06-CV-27 (D.D.C. Jan. 30, 2008) ("Jan. 30 Order"). Because we agree with the district court that Unitronics does not infringe the '654 patent, we affirm.

Gharb is the inventor and owner of the '654 patent, entitled "Security System with a Mobile Telephone." Unitronics manufactures general-purpose programmable logic controllers ("PLCs"). Unitronics (1989) (R"G) Ltd. v. Gharb, No. 06-CV-27, slip op. at 4 (D.D.C. Sept. 25, 2007) ("Summary Judgment Op."). When Unitronics introduced a PLC that could communicate using the Global System for Mobile Communications standard ("GSM"), Gharb threatened Unitronics and its distributors with patent infringement litigation. Id. at 6. In response, Unitronics brought an action seeking a declaratory judgment of noninfringement. Id. at 1. The district court concluded that Unitronics did not infringe the '654 patent and granted summary judgment in favor of Unitronics. Id. at 20. Unitronics then moved for a permanent injunction to preclude Gharb from threatening Unitronics and its customers with infringement litigation. Unitronics (1989) (R"G) Ltd. v. Gharb, No. 06-CV-27, slip op. at 3-4 (D.D.C. Jan. 30, 2008). The district court granted the motion. Jan. 30 Order at 1. Gharb appeals.

Preliminarily, Unitronics challenges this court's jurisdiction on the ground that Gharb's notice of appeal was untimely. The district court entered final judgment and closed the case on January 30, 2008, and Gharb did not file a notice of appeal until June 11, 2008—well beyond the thirty-day window allowed by Federal Rule of Appellate Procedure 4(a)(1). However, on February 4, 2008, Gharb, proceeding pro se, filed a document entitled "Opposition to memorandum opinion," which was docketed as: "MOTION for Reconsideration re: 78 Memorandum & Opinion." Appellees' Supplemental Appx. 49. Docket entry number 78—to which Gharb's motion as docketed refers—is the district court's January 30, 2008 opinion finally adjudicating all claims. Gharb's February 4, 2008 filing was therefore treated as a motion for

reconsideration under Federal Rule of Civil Procedure 60, which Gharb filed within ten days of judgment. Consequently, Gharb's time to file an appeal did not begin to run until after the district court disposed of his motion for reconsideration on June 30, 2008. See Fed. R. App. P. 4(a)(4)(a)(vi). Gharb's notice of appeal was, if anything, premature rather than untimely, and by rule it ripened on the date that the district court disposed of his motion for reconsideration. See Fed. R. App. P. 4(a)(4)(B)(i). Gharb's appeal is therefore timely, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

On the merits, Gharb's primary argument appears to be that Unitronics infringes the '654 patent by selling PLCs with integrated GSM communication capabilities. See, e.g., Appellant's Informal Br. ¶ 2 (arguing that Unitronics sells "PLC (programmable logic controller) & GSM (Global System for Mobile communications)"); id. ¶ 5 (referring to Unitronics's use of "PLC & GSM"); id. ¶ 8 (referring to Unitronics products as "PLCs products [sold] with GSM"). The district court concluded on summary judgment that the claims of the '654 patent required more than merely a PLC with GSM capabilities, and that Unitronics's PLCs with GSM could not infringe, because they do not meet several limitations of the claims. Summary Judgment Op. at 15-16. "We review the district court's grant of summary judgment of noninfringement de novo." Stumbo v. Eastman Outdoors, Inc., 508 F.3d 1358, 1361 (Fed. Cir. 2007).

We agree with the district court that Unitronics's PLCs with GSM do not infringe the claims of the '654 patent. Gharb appears to believe that any PLC that is able to communicate over the GSM network infringes his patent, because part of his patent discloses PLCs communicating over GSM. Summary Judgment Op. at 15-16. Gharb's belief, however, is premised on an incorrect understanding of the law.

"The words of the claims define the scope of the patented invention." <u>Computer Docking Station Corp. v. Dell, Inc.</u>, 519 F.3d 1366, 1373 (Fed. Cir. 2008). The broadest claim of the '654 patent is claim 1, the only independent claim. Claim 1 recites:

> 1. A security system for monitoring objects, comprising:
>
> a digital recording device having at least one emergency message; and
>
> a mobile telephone having at least one preselected emergency number;
>
> a first Programmable Logic Controller (PLC) controller for initialing monitoring;
>
> a second PLC controller for repeating an alarm signal; and
>
> third, fourth, and fifth PLC controllers for activating a mobile telephone and a digital recording device;
>
> at least one sensor for generating an alarm state connected to the first PLC controller;
>
> a main relay for controlling the first PLC controller and which can be operated by a remote control;
>
> a computer having mobile lines connectable to the five PLC controllers for programming the five PLC controllers; and
>
> a data set for transmission to the mobile telephone including alarm information;
>
> wherein the second PLC controller repeats the alarm signal if the line dialed by the mobile telephone in case of an alarm, is busy; and
>
> wherein each time the second PLC controller repeats the alarm signal, the third, fourth and fifth PLC controllers activate the mobile telephone and the digital recording device.

'654 patent at col.5 ll.25-51. A Unitronics device is not infringing "unless it contains each limitation of the claim, either literally or by an equivalent." <u>Freedman Seating Co. v. Am. Seating Co.</u>, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing <u>Warner-Jenkinson Co.</u>

v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997)). In other words, it was not enough for Gharb to prove that Unitronics sold PLCs that could communicate over GSM. To prove infringement, he was required to show that Unitronics's devices met all of the limitations of the claim.

The district court found that Gharb had not put forward evidence showing that any Unitronics product met all of the limitations of claim 1. Summary Judgment Op. at 15. We have reviewed the record, and we reach the same conclusion. None of the evidence put forward by Gharb shows that any Unitronics product contains the "digital recording device having at least one emergency message" or its equivalent, or the "data set for transmission to the mobile telephone including alarm information" or its equivalent, of the claimed security system. We find no evidence in the record suggesting that Unitronics made or sold any type of security system at all. We therefore conclude that the district court was correct to grant summary judgment of noninfringement in favor of Unitronics.

In his informal brief, Gharb argues that the district court incorrectly decided or failed to take into account several facts. These alleged mistakes of fact all appear to address only whether Unitronics's devices are PLCs that can communicate over GSM. Because a PLC communicating over GSM alone would not infringe the '654 patent, these alleged errors of fact are immaterial. Gharb also alleges that the district court erred in applying the infringement and damages sections of title 35 of the U.S. Code. Because the district court correctly concluded that Unitronics's products are noninfringing, we discern no error of law.

We have reviewed Gharb's other arguments and submissions and find them unpersuasive.  We <u>affirm</u> the judgment of the district court.